**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AMADOU SITA, : | |
| : | CIVIL ACTION NO. 05-474 (MLC) |
| Petitioner, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**COOPER, District Judge**

This matter comes before the Court on two motions: the pro se motion of Amadou Sita ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; and the motion of the United States ("the government") to dismiss petitioner's motion for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The underlying criminal case in this Court was United States v. Sita, Crim. No. 03-411-05 (MLC), filed May 28, 2003. For the following reasons, issued without oral argument, see Fed. R. Civ. P. 78, the Court will deny petitioner's motion, and will dismiss the government's motion as moot.[1]

---

[1] In addition to Sita's Section 2255 motion ("Pet.") (civil dkt. no. 1), the record relevant to this petition includes: the indictment charging Sita and others (crim. dkt. no. 18); petitioner's plea agreement ("Plea Agr.") (crim. dkt. no. 37); his Application for Permission to Enter Plea of Guilty (crim. dkt. no. 36); clerk's minute entry of Rule 11 plea hearing on 5-6-04 (crim. dkt. no. 42); the presentence investigation report ("PSR"); the transcript of the sentencing hearing held on 12-14-

## BACKGROUND

Petitioner entered a plea of guilty to a charge of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846, on May 6, 2004.  He was sentenced on December 14, 2004, to a term of 72 months imprisonment and four years of supervised release.  (Jud. at 2-3.)  The term of imprisonment was based upon the Court's guideline determination that he had a total offense level of 27 and criminal history category I.  The sentence of 72 months was within the resulting guideline range of 70 to 87 months. (Sen. Tr. at 6-7, 13.)

The Judgment of Conviction was entered on December 31, 2004. Petitioner did not appeal.  On January 21, 2005, he filed this Section 2255 motion, which was timely under the one-year limitation period of 28 U.S.C. § 2244(d)(1).  This Court issued petitioner a Miller notice by Order filed on February 15, 2005, to which he did not respond.  Thereafter, the Court directed respondent to answer, and on October 25, 2005, respondent filed a motion in lieu of answer, seeking dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

---

04 ("Sen. Tr.") (crim. dkt. no. 52); the Judgment ("Jud.") (crim. dkt. no. 45); Miller notice and order (civil dkt. no. 2); and government motion to dismiss, with attached brief (civil dkt. no. 8).

**DISCUSSION**

Under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the motion. United States v. Abbott, 975 F. Supp. 703, 705 (E.D. Pa. 1997).

We read the petitioner's motion to assert a Sixth Amendment claim of ineffective assistance of counsel at sentencing, in three aspects all relating to the calculation of his offense level under the Federal Sentencing Guidelines ("USSG"). First, petitioner claims that he was eligible for "safety valve" treatment in the calculation of his total offense level, under USSG § 5C1.2 and 18 U.S.C. § 3553(f). Second, he claims that he should have received a two-level reduction for minor role, under USSG § 3B1.2(b). Third, he claims that he should have received a three-level reduction for acceptance of responsibility, under USSG §§ 3E1.1(a) and (b). All of petitioner's claims lack merit, and therefore the petition must be denied. These findings are based upon an examination of the record, which reveals no issues requiring an evidentiary hearing. See United States v. McCoy, 410 F.3d 124, 131-35 (3d Cir. 2005).

1.  Safety Valve

    The record conclusively shows that petitioner did in fact receive "safety valve" treatment, both in the calculation of his total offense level, and in the waiver of the ten-year mandatory minimum otherwise applicable under 21 U.S.C. § 841(b)(1)(A)(ii). This Court so held at the sentencing hearing, stating as follows:

    > COURT: [B]ased upon the statement provided by the Government at this time .... I will adjust the presentence report, at Paragraph 62, to find safety valve [all] enumerated criteria have been met. That results in an ability to sentence below the mandatory minimum of 10 years, and it also produces a base offense level of 30, rather than 32, at Paragraph 62.

    (Sen. Tr. at 5.)

2.  Minor Role

    The Court at sentencing found that petitioner did not have an organizer or supervisory role in the offense, which enabled him to qualify for the safety valve. (Id. at 7-8; see USSG § 5C1.2(a)(4).) The Court did not apply a "minor role" under the guidelines, and defense counsel did not request a minor role adjustment. (Sen. Tr. at 4-6.)

    Where defense counsel fails to object to an arguably available minor role reduction, that can constitute ineffective assistance of counsel. Jansen v. United States, 369 F.3d 237, 244 (3d Cir. 2004); United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991). However, counsel is not ineffective for failing to raise every conceivable argument at sentencing, regardless of lack of merit. In order to obtain relief on this ground a

petitioner must demonstrate that (1) his attorney did not provide reasonably effective assistance, and (2) but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different, i.e., the Court would have imposed a lower sentence, or petitioner would not have pled guilty.  Glover v. United States, 531 U.S. 198, 202-04 (2001); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984).

Here, the record conclusively establishes that in order to qualify for the safety valve criteria of having truthfully admitted the offense conduct, petitioner admitted having conducted a wide range of activities in connection with the charged conspiracy, including acting as a drug courier, a courier greeter overseas, and an investor in numerous cocaine smuggling trips in total quantities greater than 5 kilograms.  (Sen. Tr. at 3-5.)  These undisputed facts would clearly render him ineligible for a minor role adjustment under USSG § 3B1.2(b).

We hold that petitioner has not satisfied either prong of the Strickland test for ineffective assistance of counsel with respect to his "minor role" claim.  First, we find that defense counsel's performance was not deficient for failing to raise an argument that found no support in the facts of record.  Second, even if defense counsel had raised that argument, we find that petitioner cannot demonstrate "prejudice," because there is no likelihood that a reasonable sentencing court would have afforded

him the minor role adjustment.  In other words, even if counsel had raised an argument for the two-level deduction based on minor role, we find that the result of the sentencing would not have been different.

3.  <u>Credit for Acceptance of Responsibility</u>

Petitioner also claims that he should have received a three-level reduction for acceptance of responsibility under USSG §§ 3E1.1(a) and (b).  This claim is patently frivolous, because the record conclusively shows that he did receive that reduction in the calculation of his total offense level.  This Court so held at the sentencing hearing, stating as follows:

> COURT:  Mr. [Prosecutor], I take it that, based upon your representations here, Mr. Sita should also receive the three point reduction for acceptance?
>
> COUNSEL FOR GOVERNMENT:  That's correct, Your Honor.
>
> COURT:  Which he had not earned, I take it, at the time that the presentence report had been prepared, it that right?
>
> COUNSEL FOR GOVERNMENT:  Yes, Your Honor.  At the time, I don't believe Mr. Sita had made a statement accepting responsibility, other than that in the guilty plea, itself.  But since that time, I believe he has submitted a typewritten statement outlining his involvement, and has also, as indicated, sat down with the Government today and summarized his involvement in the conspiracy.
>
> COURT:  And Mr. [Defense counsel], you do request the application of these two adjustments, namely safety valve and acceptance:
>
> COUNSEL FOR DEFENDANT:  Yes, that is our request, so if the Court pleases, thank you.
>
> COURT:  Granted.  The total offense level becomes Level 27.

(Sen. Tr. at 5-6.)  Accordingly, we hold that petitioner has not

6

met his burden of showing a violation of his Sixth Amendment right to effective assistance of counsel on this claim.

## CONCLUSION

Petitioner seeks relief pursuant to 28 U.S.C. § 2255, and the government moves to dismiss petitioner's motion. Petitioner's motion will be denied for the reasons stated herein. The Court having thus adjudicated the petition on the merits, we will dismiss the government's Rule 12(b)(6) motion as moot.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c). Cf. Fed.R.App.P. 22; Local App.R. 22.2. A certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000). For the reasons discussed above, the petition does not make such a showing here.

An appropriate Order and Judgment will accompany this Memorandum Opinion.

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge